**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SATROHAN BICKRAM,
        Plaintiff,
 v.           No. 05-CV-1553
              (FJS/DRH)
NATIONAL RAILROAD PASSENGER
CORPORATION (Amtrak),
        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| RICHARD P. FEIRSTEIN, ESQ.<br>Counsel for Plaintiff<br>600 Broadway<br>Albany, New York 12207-2205 | |
| McNAMEE, LOCHNER, TITUS &<br> WILLIAMS, P.C.<br>Counsel for Defendants<br>677 Broadway<br>Albany, New York 12207-2503 | GLEN P. DOHERTY, ESQ. |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

Presently pending is the motion of defendant National Railroad Passenger Corporation ("Amtrak") for sanctions against plaintiff Satrohan Bickram ("Bickram") pursuant to Fed. R. Civ. P. 37. Docket No. 12. Bickram has not opposed the motion. For the reasons which follow, it is recommended that defendants' motion be granted and that the complaint be dismissed.

### I. Background

Bickram commenced this action on December 12, 2005 by filing a complaint

asserting nine causes of action against Amtrak, Bickram's employer, for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Compl. (Docket No. 1).  Generally, Bickram alleged that he was employed by Amtrak as a coach cleaner, he is "a dark skinned, South American born Hindu individual with Asian-Indian ancestry," and he was denied training and promotion and subjected Bickram to a hostile work environment.  Compl. at ¶¶ 8, 35-43.  Amtrak filed an answer on February 13, 2006.  Docket No. 4.  Following a conference with counsel for both parties on May 2, 2006, a Uniform Pretrial Scheduling Order was entered which, inter alia, established February 12, 2007 as the deadline for completion of discovery.  Docket No. 7.

On April 25, 2006, Amtrak served its First Set of Interrogatories and First Request for Production of Documents on Bickram.  Docket No. 9.  The Court was advised by Amtrak on October 3, 2006 that Bickram had failed to serve responses to those discovery demands despite Amtrak's requests.  Id.  A telephone conference was then held with counsel for both parties during which Bickram's attorney advised that he had been suffering ill health but that the condition was now under control and responses to Amtrak's discovery demands would be served shortly.[1]  An order was then entered compelling Bickram to serve such responses on or before October 28, 2006.  Docket No. 11.  Bickram failed to serve any responses on or before October 28, 2006, he still has failed to serve any responses, and, in fact, appears not to have taken any steps to prosecute this action since the Rule 16 conference on May 2, 2006.  See Doherty Aff. (Docket No. 12(2)) at ¶ 7.  This motion followed.

---

[1]This information was noted by the Court in a contemporaneous memorandum.

2

**A. Rule 37**

Rule 37(b)(2) provides in pertinent part that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  The sanctions which a court may consider include adverse factual findings, preclusion of evidence, striking pleadings, finding a party in contempt, and dismissing the action.  Fed. R. Civ. P. 37(b)(2)(A)-(E).  Here, an order was filed on October 18, 2006 directing Bickram to serve responses to Amtrak's interrogatories and document demands.  Docket No. 11.  Bickram has completely failed to comply with that order and, accordingly, sanctions under Rule 37(b)(2) may be considered.

In determining whether to impose sanctions and, if so, the sanctions to be imposed, a court must consider all circumstances relevant to the particular case, including but not limited to the history of the offending party's compliance with court orders, the opportunity for compliance, the effectiveness of lesser sanctions, the notice of and opportunity to defend against the possible sanctions, any prejudice to the adverse party from the noncompliance, and the party's personal responsibility for the noncompliance.  See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853-54 (2d Cir. 1995); McDaniel v. County of Schenectady, No. 04-CV-757 (GLS/RFT), 2005 WL 1745566, at *4 (N.D.N.Y. July 21, 2005) (Treece, M.J.).

Here, Bickram failed to comply with the only court order compelling him to act in this case.  However, he has also apparently failed to conduct any discovery or to respond to Amtrak's requests for discovery responses.  Bickram also received ample time to respond to the court order and agreed to the deadline when it was set at the October 16, 2006 conference.  Bickram never requested any additional time for any response.

As to alternative sanctions, lesser measures such as preclusion of evidence or adverse findings of fact might be sufficient in circumstances where noncompliance has been limited to particular discovery or where the noncomplying party has otherwise mitigated the effect of noncompliance. Here, however, Bickram's noncompliance has been complete and continuous. Bickram has never responded to any discovery demand and his noncompliance with the compulsion order has been total. In these circumstances, no sanction other than dismissal appears effective to address Bickram's total nonparticipation.

Bickram has been warned that sanctions, including dismissal, could result if he failed to cooperate in pretrial proceedings. For example, Bickram was served with the instant motion for sanctions and has interposed no opposition despite having the opportunity to do so. The prejudice to Amtrak from Bickram's noncompliance includes a complete denial of discovery from Bickram concerning the evidence supporting his claims and has made meaningful defense of these claims more difficult. Moreover, the documents and information sought by Amtrak here are those normally obtained by parties in such cases. Finally, the extent of Bickram's responsibility for the noncompliance is total.

Thus, the circumstances of this case compel the conclusion that Bickram's willful noncompliance militates strongly in favor of the sanction of dismissal as the only sanction comporting with the nature and effect of Bickram's conduct. Accordingly, Amtrak's motion should be granted and the complaint should be dismissed in its entirety.

### B. Failure to Prosecute

Amtrak has not moved for dismissal of the complaint under Fed. R. Civ. P. 41(b). However, under Rule 41(b), a court may dismiss an action for a plaintiff's sustained failure

4

to prosecute the action.  See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . . [T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution. . . .").

In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions.  See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).  In addition, where, as here, a party is proceeding pro se, he or she is entitled to "special solicitude."  See Triestman, supra.

Here, Bickram's failure to pursue his claims has continued for at least eight months since the Rule 16 conference on May 2, 2006.  Further delay will prejudice Amtrak to the extent that discovery must be further extended and further expense incurred.  Bickram has received repeated opportunities to pursue this action but he has generally failed to avail himself of any of these opportunities without explanation.  Thus, Bickram has been accorded due process to pursue his clams, has failed to do so, and his right to further process in these circumstances is, therefore, outweighed by the Court's need to alleviate calendar congestion.  Finally, for the reasons discussed above in subsection II(A), no sanction short of dismissal appears adequate.

Accordingly, in the alternative, it is recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a).

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Amtrak's motion to for sanctions (Docket No. 12) be **GRANTED** and this action be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), any party may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

In addition, **PLAINTIFF SATROHAN BICKRAM SHALL TAKE NOTICE** that if he fails to file timely objections to this report-recommendation, this action may be dismissed. If the action is dismissed, there will be no trial and plaintiff may be foreclosed from ever asserting the claims alleged herein at any future time.

**IT IS SO ORDERED.**

DATED: January 19, 2007
         Albany, New York

                                      David R. Homer
                                      United States Magistrate Judge